EIBERGEN v. KILLENS

[124 N.C. App. 534 (1996)]

_____

ROBERT DENNIS EIBERGEN, Petitioner-Appellee v. ALEXANDER KILLENS, Commissioner, North Carolina Division of Motor Vehicles, Respondent-Appellant

No. COA95-1326

(Filed 19 November 1996)

**Automobiles and Other Vehicles § 130 (NCI4th)— driver's license suspension—card not turned in—effective date of suspension**

In an action involving revocation of a driver's license as a result of driving while impaired, the trial court erred by holding that petitioner's second conviction did not constitute a moving violation during a period of license suspension and ordering that revocation of petitioner's license be permanently enjoined where petitioner was stopped on 25 May 1994 in Orange County; chemical analysis of his breath thereafter established that he had a blood alcohol content of .15; a magistrate then issued an order revoking petitioner's license for ten days; the magistrate marked the box which stated that petitioner was unable to locate his license card and filed an affidavit which constituted surrender of the license, but no affidavit was filed; petitioner was stopped the next morning in Alamance County with a blood alcohol content of .11; he subsequently pled guilty to driving while impaired and the district court found that the magistrate's order had not yet become effective when petitioner was stopped in Alamance County; and petitioner thereafter received notice from respondent that his license was revoked for one year pursuant to N.C.G.S. § 20-28.1(b)(1) for committing a moving violation while his license was revoked. Revocation or suspension is the termination of the privilege to drive; the ten day revocation of petitioner's license in Orange County took effect immediately upon the

issuance of the magistrate's order even though petitioner stated that he did not have his driver's license card with him and even though the magistrate filed no affidavit.

**Am Jur 2d, Automobiles and Highway Traffic §§ 115-117.**

**Automobiles: validity and construction of legislation authorizing revocation or suspension of operator's license for "habitual," "persistent," or "frequent" violations of traffic regulations. 48 ALR4th 367.**

Appeal by respondent from order entered 10 July 1995 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 10 September 1996.

*Roberson, Richardson & Deal, by James K. Roberson, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Associate Attorney General Sondra C. Panico, for respondent-appellant.*

WALKER, Judge.

On 25 May 1994, at 10:30 p.m., petitioner was stopped in Orange County and charged with driving while impaired. Petitioner thereafter submitted to a chemical analysis of his breath which established that he had a .15 percent blood alcohol content. Petitioner then appeared before an Orange County magistrate, who issued a "Revocation Order When Person Present," revoking petitioner's driver's license for ten days. The magistrate ordered that petitioner's "license or privilege to drive be revoked, and he is prohibited from operating a motor vehicle on the highways of North Carolina during the period of revocation; and [t]he revocation remains in effect for at least ten days from the date he surrenders his license to the Court . . . ." The time and date of the order was 11:42 p.m., 25 May 1994. Because petitioner stated he did not have his driver's license card with him, the magistrate marked the box on the order which stated that petitioner "was validly licensed but unable to locate his license card and filed an affidavit which constituted surrender of the driver's license." No affidavit was filed in this case.

The next morning, 26 May 1994, at 8:20 a.m., petitioner was stopped in Alamance County and charged with driving while impaired, driving while license revoked, and speeding. At this time, however, petitioner had his driver's license card with him. A chemical

analysis was conducted on his breath, which indicated that he had a .11 blood alcohol content. On 22 November 1994, petitioner pled guilty in Alamance County to driving while impaired, and the other charges were dismissed. The district court found the magistrate's order in Orange County had not yet become effective when petitioner was stopped in Alamance County because his "driver's license was not in fact revoked . . . ." Thereafter, petitioner received notice from respondent that his driver's license was revoked for one year for having committed a moving violation during a period when his driver's license was revoked pursuant to N.C. Gen. Stat. § 20-28.1(b)(1) (1993). The moving violation referred to in the notice was the Alamance County charge.

On 10 February 1995, petitioner filed a petition in Alamance County Superior Court seeking to have respondent enjoined from revoking his license for one year. A hearing was held on 10 July 1995, and the superior court found that petitioner had not surrendered his driver's license in Orange County because petitioner had his driver's license in his possession when he was stopped in Alamance County. The court held petitioner's conviction in Alamance County did not constitute a moving violation during a period of license suspension and ordered the revocation of petitioner's license permanently enjoined.

Because the facts of this case are not in dispute, we need only address whether the evidence in the record supports respondent's revocation of petitioner's license pursuant to N.C. Gen. Stat. § 20-28.1(b)(1) for the commission of a moving violation during a period of driver's license suspension. The dispositive issue in this case is whether the Orange County magistrate's ten day revocation order immediately revoked petitioner's driver's license. Respondent contends that the magistrate's order immediately revoked petitioner's driver's license, and that petitioner committed a moving violation during a period of revocation by operating a motor vehicle the next day in Alamance County.

The Orange County magistrate had the authority to order a ten day revocation of petitioner's driver's license under N.C. Gen. Stat § 20-16.5(b)(4)(b) (1993), which states that a person's driver's license is subject to immediate revocation if the person "[h]as an alcohol concentration of .08 or more within a relevant time after the driving . . . ." Because petitioner was found to have a blood alcohol content of .15 when he was arrested in Orange County, his driver's

**EIBERGEN v. KILLENS**

[124 N.C. App. 534 (1996)]

license was subject to immediate revocation. Nevertheless, petitioner contends that because he did not have his driver's license card with him at the time and because no affidavit in this regard was filed by the magistrate, his driver's license was not validly revoked on 25 May 1994. We disagree. The ten day revocation of petitioner's license took effect immediately upon the issuance of the magistrate's order, even though petitioner stated he did not have his driver's license card with him and even though the magistrate filed no affidavit.

N.C. Gen. Stat. § 20-4.01(17) (1993) defines "license" as

Any driver's license or any other license or permit to operate a motor vehicle issued under or granted by the laws of this State including: (a) Any temporary license or learner's permit; (b) **The privilege of any person to drive a motor vehicle whether or not such person holds a valid license**; and (c) Any nonresident's operating privilege.

(Emphasis added). The term "license" encompasses more than the license card itself; it includes the privilege to operate a motor vehicle in this State. In addition, "revocation or suspension" is defined in N.C. Gen. Stat. § 20-4.01(36) (1993) as "[t]ermination of a licensee's or permittee's privilege to drive . . . ." Thus, when a person's driver's license is suspended or revoked, it is the surrendering of the privilege to drive, not the license card itself, that is of significance. If revocation could become effective only when a licensee elected to turn in his or her driver's license card, the intent of the legislature and the purpose of the statute would be frustrated.

Finally, according to N.C. Gen. Stat. § 20-16.5(e) (1993), if the revocation report is filed with the judicial official when the person is present, "[u]nless the person is not currently licensed, the revocation under this subsection begins at the time the revocation order **is issued** and continues until the person's license has been suspended for ten days and the person has paid the applicable costs." (Emphasis added). Therefore, petitioner's license was revoked at the time he was operating a motor vehicle in Alamance County on 26 May 1994, and the Alamance County charge constituted a moving violation during a period of license suspension.

The evidence in the record before us supports respondent's revocation of petitioner's license pursuant to N.C. Gen. Stat. § 20-28.1(b)(1) for the commission of a moving violation during a period when his driver's license was revoked. The judgment of the Alamance

County Superior Court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges EAGLES and McGEE concur.